JULIO PÉREZ, Plaintiff and Appellee, v. MARCOS PUENTE, ETC., Defendant and Appellant. LUCIANO PÉREZ, Plaintiff and Appellee, v. SAME, Defendant and Appellant.

Nos. 8671 and 8672. Argued March 15, 1943.—Decided March 18, 1943.

Felipe Colón Díaz for appellant. R. Hernández Matos for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The motions filed by appellees praying for the dismissal of these appeals were heard jointly and we will decide them in the same manner.

The certificate issued by the Clerk of the District Court of Ponce in case 8671 shows that the Municipal Court of Ponce dismissed a claim for wages filed by Julio Pérez against Marcos Puente, doing business under the name of "M. Puente & Co." The claimant appealed to the District Court of Ponce and after a trial *de novo* was had judgment was rendered on December 15, 1942, sustaining the claim and adjuging Puente to pay the claimant $1,699.00. On December 16 the clerk of the lower court served on claimant's attorney of record, Felipe Colón Díaz, a copy of the judgment and on the same day the clerk filed in the record a copy of said notice of judgment. On January 13, 1943, claimant filed in the lower court, and served notice thereof on defendant, his notice of appeal in this case.

It appears from the certificate issued by the clerk with reference to case 8672 that the Municipal Court of Ponce granted another claim for wages as to its first two causes of action and dismissed it as to its third and that both parties having appealed to the District Court of Ponce and a trial *de novo* having been had, said court rendered judgment on December 15, 1942, in terms similar to those of the judgment of the municipal court and adjudged defendant to pay the claimant the sum of $2,527.24.

On the same date, December 15, the clerk of the lower court served on the claimant's attorney of record, Felipe Colón Díaz, a copy of the judgment and filed in the record a copy of said notice of judgment. On January 13, 1943, claimant filed in the lower court and served upon defendant his notice of appeal in this case.

In his motions praying for the dismissal of these appeals, appellant alleges that this court is without jurisdiction to entertain the same because:

"The term which defendant had for appealing, this being a judgment rendered by a district court in an appeal filed against the judgment of a lower court, is a fifteen (15) day term (§295, subdiv. 2, Code of Civil Procedure; *Vázquez Prada* v. *Martinó,* 46 P.R.R. 294 and *Bianchi* v. *Bianchi,* 40 (*sic*) P.R.R. 721) which began to run from the date on which said notice of judgment was filed in the record, that is, on December 16, 1942, and which ended on December 31, 1942 (in case No. 8671 and a day before in case No. 8672). That term is applicable to cases of claim for wages prosecuted under the provisions of Act No. 10 of 1917 (II) according to *Padró* v. *A. N. Saab & Co.,* 51 *D.P.R.* 950."

The appellee is opposed to the dismissal prayed for and in support thereof has alleged the following:

"Defendant admits that paragrph 2 of §295 of the Code of Civil Procedure grants only 15 days to appeal from a judgment rendered on appeal from a municipal court to a district court; but, in opposition thereto, defendant alleges that in enacting §295 of the Code of Civil Procedure of Puerto Rico, which code went into effect in 1904, what the Legislature had in mind in limiting said term of 15 days was that at that time judgments rendered by municipal courts could not exceed $500 including interest. Act No. 10 of 1917, which authorizes these claims for wages in the Municipal Courts of Puerto Rico, or for any sum, even a sum exceeding $500, as has been lately decided by this Hon. Court, is subsequent to the approval of the Code of Civil Procedure and the intention of the Legislature could not be to limit this kind of appeal to a term of 15 days, when a sum in excess of $500 is involved, as is the case here."

The interpretation which appellant gives to §295 of the Code of Civil Procedure is incorrect. It is true that when said Code was approved in 1904, municipal courts could only entertain actions in which the sum claimed did not exceed $500, but the fact that the Legislature by Act No. 10 of 1917 conferred upon them an extraordinary jurisdiction to hear cases in which plaintiff should claim "any sum," can not be interpreted in the sense that it intended to amend by implication the appellate procedure provided in paragraph 2 of §295, which states that an appeal may be taken to the Su-

preme Court: "From a judgment rendered on an appeal from an inferior court, within *fifteen days* after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon *exceed three hundred dollars.*" (Italics ours.)

The section hereinbefore transcribed expressly provides, on the contrary, that an appeal may be taken to this court when the amount of the judgment should "exceed three hundred dollars" and if the Legislature endowed municipal courts with extraordinary jurisdiction in these cases, whatever sum should be claimed, as was decided in the case of *J. L. Wiewall & Co., S. en C.* v. *Municipal Court,* 61 P.R.R. 443, the fifteen-day term is the applicable one and not the thirty-day term contained in paragraph 1 of §295, *supra.*

Already in the case of *Padró* v. *A. N. Saab & Co.,* 51 D. P.R. 950, it has been held in a *per curiam* decision that paragraph 2 of §295, *supra,* is applicable to the cases provided by Act No. 10 of 1917, upon dismissal of an appeal wherein the sum in question was smaller than $300. In the case of *Collazo* v. *District Court,* 61 P.R.R. 282, we also held that all cases under Act No. 10 of 1917, except claims for wages by farm laborers, may be appealed to this court under paragraph 2 of §295, *supra,* if the sum claimed exceeds $300. Appellant's argument does not convince us that we ought to reverse those cases. This is another aspect of the several problems arising from the application of Act No. 10 of 1917, which may be remedied only by legislative action.

Lastly, appellant argues that the service of notice of the judgment of the lower court was made upon "Marcos Puente" and not upon "Marcos Puente doing business under the firm name of M. Puente & Co." which is the true party defendant.

There is no merit in the argument. In the first place, the service of notice was made upon "Felipe Colón Díaz, Esq., Ponce, P. R.," because he represented the aggrieved party, it appearing from the clerk's certificate that said attorney

was the attorney for defendant in these cases, and §2 of the Act of March 9, 1911, provides that it shall be the duty of the clerk of the court to mail "to the losing party or *his attorney*" notice of the judgment. And this is what the clerk did in this case.

The fact that in the title of the notice it was stated that the parties were: "Julio Pérez, plaintiff v. Marcos Puente, defendant" and the phrase "doing business under the firm name M. Puente & Co." was omitted is not a substantial error which affects the validity of said service of notice of judgment.

The motions for dismissal are granted and the appeals are dismissed.

Mr. Justice De Jesús did not participate herein.